IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BADLANDS LOGISTICS, LLC,<br><br>               Plaintiff,<br><br>   vs.<br><br>JEFF WASHERLESKY, NATHANIEL JACOB, and PEREGRINE DELIVERY SOLUTIONS, LTD. CO.,<br><br>               Defendants. | 8:24CV308<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on the parties Joint Stipulation and Motion to Transfer Venue. Filing No. 17. The parties agree transfer from the United States District Court for the District of Nebraska to the United States District Court for the Northern District of Texas is appropriate because all Defendants are citizens of Texas. Filing No. 9 at 1. The Court grants the motion.

28 U.S.C. § 1404(a) provides a district court may transfer any civil action to any other district or division where it might have been brought, "[f]or the convenience of the parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a). To determine if a case "might have been brought" in the transferee district, the Court considers whether the transferee district will, "(1) have subject-matter jurisdiction over the case, (2) have personal jurisdiction over the parties, and (3) be the proper venue for the transferred action." *Bhd. of Maint. of Way Employes Div./IBT v. Union Pac. R.R. Co.*, 485 F. Supp. 3d 1048 (D. Neb. 2020). Once the Court determines the case might have been brought in the transferee district, the statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the

1

parties, (2) the convenience of the witnesses, and (3) the interest of justice. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A district court is not, however, limited to these enumerated factors in assessing a transfer motion. *Id.* "Such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* There is no exhaustive list of specific factors to consider. *Id.* Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

Here, the Court concludes transfer is appropriate under 28 U.S.C. § 1404(a) because this case could have been brought in the Northern District of Texas, transfer is convenient for the parties and witnesses, and the interests of justice support transfer.

The case could have been brought in the Northern District of Texas. The Northern District of Texas will have subject matter jurisdiction. 28 U.S.C. §§ 1331, 1332, 1367; *see* Filing No. 1 at 2, ¶ 6. The Northern District of Texas will have personal jurisdiction over Defendants, who are domiciled in Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); Filing No. 1 at 1, ¶¶ 2–3. Finally, venue is proper in the Northern District of Texas because Peregrine Delivery Solutions, Ltd. Co. is headquartered in Dallas County, located in the Northern District of Texas, and the other Defendants reside in Texas. Filing No. 13-1 at 1, ¶ 3; Filing No. 15-1 at 1, ¶ 2; Filing No. 15-2 at 1, ¶ 2; 28 U.S.C. § 1404(a)(1).

The "individualized, case-by-case consideration of convenience and fairness" support transfer under 28 U.S.C. § 1404(a). The Defendants are currently located in Texas (Filing No. 17 at 1), the events underlying the lawsuit appear to have largely taken

place in Texas (Filing No. 13-1 at 2, ¶ 5), the witnesses and records in this case are located in Texas (Filing No. 13-1 at 2, ¶¶ 6, 7, 9), and the parties agree that the case should be litigated in Texas (Filing No. 17 at 1). Therefore, it makes sense as a matter of convenience and fairness to the non-party witnesses for this litigation to proceed in the Northern District of Texas.

IT IS ORDERED:

1. The Parties stipulated motion to transfer, Filing No. 17, is granted.
2. The Defendants' pending motions to dismiss (Filing No. 11, Filing No. 14) are denied as moot.
3. The Clerk of the Court is directed to transfer this case to the United States District Court for the Northern District of Texas.

Dated this 20th day of September, 2024.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge